IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA        §
                                §
v.                              §        CRIMINAL NO. H-01-0194-01
                                §
KELLY OKECHUKWU OKENWA          §
                                §

## MEMORANDUM AND ORDER

The defendant, Kelly Okechukwu Okenwa, has filed a motion seeking relief from his

criminal conviction.  The Court construes the motion as one seeking to vacate, set aside, or

correct his sentence pursuant to 28 U.S.C. § 2255.  (Criminal Docket No. 36).  It is his

second one.  The Court has carefully reviewed all pertinent matters in this criminal case.

Based on this review, the Court's clear recollection of the relevant proceedings, and the

application of governing legal authorities, the Court **denies** relief for reasons set forth below.

## I.      BACKGROUND

A federal grand jury returned a two-count indictment against the defendant on March

8, 2001, charging him with fraud in connection with obtaining identification documents in

violation of 18 U.S.C. § 1028(a)(7) and illegal re-entry into the United States following

deportation in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). The defendant pleaded guilty

to both counts of the indictment on April 26, 2001.  In a judgment entered on August 30,

2001, the Court sentenced him to serve concurrent terms of sixty-three months in prison on

each count, followed by three years of supervised release, and to pay a $4,000 fine.   The

defendant did not appeal.

Nearly two years after the judgment became final, the defendant filed a motion to

vacate, set aside, or correct sentence under 28 U.S.C. § 2255, challenging deficiencies in his

indictment.  (Docket Entry No.  33).  The Court denied the motion after finding that it was

barred by the governing one-year statute of limitations.  *See United States v. Okenwa*, Civil

Action No. H-03-4981 (S.D. Tex. Nov. 5, 2003).  The defendant did not appeal from that

decision.

On March 21, 2005, the defendant filed the pending motion seeking relief from his

conviction and sentence.[1]  (Criminal Docket No. 36).  The defendant contends that he is

entitled to relief from his conviction for reasons similar to those rejected by the Supreme

Court in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which approved an

increased penalty for certain aliens found guilty of illegal reentry following a conviction for

an aggravated felony.  In support of his request for relief, the defendant points to dicta from

a recent Supreme Court decision, which implies that *Almendarez-Torres* was wrongly

decided.  *See Shepard v. United States*, — U.S. —, 125 S. Ct. 1254, 1264 (2005) (Thomas,

J., concurring).  The defendant's motion must be dismissed for the reasons discussed briefly

below.

---

[1]     The Clerk's Office filed the motion on March 31, 2005, but the defendant executed it on
March 21, 2005, indicating that he placed this pleading in the prison mail system on or about
that date.

## II.   SUCCESSIVE § 2255 MOTIONS

As noted above, the pending § 2255 motion is the second one filed by the defendant. A second or successive motion under § 2255 must be certified, pursuant to the federal habeas corpus statutes codified at 28 U.S.C. § 2244, by a panel of the appropriate court of appeals to meet one of the following criteria:

(1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.  The purpose of this provision is "to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

To the extent that the defendant disagrees with *Almendarez-Torres*, these claims could have been raised previously.  The Court concludes therefore that the pending motion in this case meets the "second or successive" criteria.  The defendant has failed to present the requisite authorization.  Because he has not shown any authorization from the Fifth Circuit, the defendant's motion is subject to dismissal for that reason.

## III.   CERTIFICATE OF APPEALABILITY

The defendant's § 2255 motion is governed by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended

at 28 U.S.C. § 2253.  Thus, a certificate of appealability is required before an appeal may

proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed

under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied*

*sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite

because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate

of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a

petitioner to demonstrate "that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong." *Tennard v. Dretke*, — U.S. —, 124 S. Ct.

2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the

controlling standard, this requires a petitioner to show "that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed

further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds,

the petitioner must show not only that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right," but also that they "would

4

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons stated above, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim, or whether the procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that the defendant has filed a successive petition without authorization. As a result, the Court **ORDERS** as follows:

1.      The defendant's motion (Criminal Docket No. 36) is **DENIED**.

2.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **May 9, 2005**.

Nancy F. Atlas
United States District Judge